**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**ERIN L. BERGER**
Evansville, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**JONATHAN R. SICHTERMANN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEFFREY L. JONES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 87A05-1210-CR-546 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE WARRICK CIRCUIT COURT
The Honorable David O. Kelley, Judge
Cause No. 87C01-1104-CM-392

**April 9, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BARNES, Judge**

**Case Summary**

Jeffrey Jones appeals his conviction for Class B misdemeanor battery. We affirm.

**Issue**

Jones raises one issue, which we restate as whether the evidence is sufficient to sustain his conviction.

**Facts**

On July 30, 2010, seventeen-year-old M.A. was spending the night with Jones's daughter. M.A. was sleeping on the couch in the living room. M.A. woke up during the night and found that her shirt was raised. Jones had one hand along M.A.'s "waist line" and his other hand where her "bra would sit." Tr. p. 10. M.A. turned over, started crying, and pretended to go back to sleep. When Jones left for work, M.A. had her mother pick her up. When M.A.'s mother picked her up, M.A. was upset and crying.

The State charged Jones with Class B misdemeanor battery. After a bench trial, the trial court found Jones guilty as charged. The trial court sentenced Jones to six months in the Warrick County Security Center suspended to probation.

**Analysis**

Jones argues that the evidence is insufficient to sustain his conviction because M.A.'s testimony was incredibly dubious. When reviewing the sufficiency of the evidence needed to support a criminal conviction, we neither reweigh evidence nor judge witness credibility. Bailey v. State, 907 N.E.2d 1003, 1005 (Ind. 2009). "We consider only the evidence supporting the judgment and any reasonable inferences that can be drawn from such evidence." Id. We will affirm if there is substantial evidence of

2

probative value such that a reasonable trier of fact could have concluded the defendant was guilty beyond a reasonable doubt.  Id.

Appellate courts may apply the "incredible dubiosity" rule to impinge upon a jury's function to judge the credibility of a witness.  Love v. State, 761 N.E.2d 806, 810 (Ind. 2002).

> If a sole witness presents inherently improbable testimony and there is a complete lack of circumstantial evidence, a defendant's conviction may be reversed.  This is appropriate only where the court has confronted inherently improbable testimony or coerced, equivocal, wholly uncorroborated testimony of incredible dubiosity.  Application of this rule is rare and the standard to be applied is whether the testimony is so incredibly dubious or inherently improbable that no reasonable person could believe it.

Id. (internal citations omitted).

According to Jones, M.A.'s testimony was incredibly dubious because she is "untrustworthy and untruthful."  Appellant's Br. p. 7.  Jones points to testimony that M.A. invents stories for attention, makes up stories about pregnancy, imaginary people, forced prostitution, and other men who have molested her.  M.S. has repeatedly lived in group homes and been placed in mental institutions.  Jones contends there were two other people in the room that did not witness the battery.

The incredible dubiosity rule does not apply here.  Nothing in M.A.'s testimony was inherently improbable, and there was no evidence her testimony was coerced or equivocal.  Rather, Jones's argument is a request that we reweigh the evidence and judge M.A.'s credibility, which we cannot do.  The evidence is sufficient to sustain Jones's conviction for Class B misdemeanor battery.

**Conclusion**

We conclude that the evidence is sufficient to sustain Jones's conviction. We affirm.

Affirmed.

BAKER, J., and RILEY, J., concur.